[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 26, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15617
Non-Argument Calendar

_____

D. C. Docket No. 04-00062-CR-T-17-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COURTNEY T. DASHER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 26, 2006)**

Before DUBINA, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Courtney T. Dasher appeals his convictions for (1) possession of a firearm

by a convicted felon, 18 U.S.C. §§ 922(g)(1) and 924(e)(1); and (2) possession with intent to distribute five or more grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). He raises two arguments on appeal: First, he contends that the district court abused its discretion by admitting testimony at trial from a government witness, Franklin Curry, that Dasher had been selling drugs for as long as Curry had known him.

Second, he argues that the district court abused its discretion by denying his motion for a mistrial. The motion was made in connection with testimony by another government witness, Justin Duralia, a special agent with the United States Drug Enforcement Administration ("DEA"). Specifically, Duralia testified that he believed that Dasher's two prior convictions for possession with intent to distribute cocaine made it more likely rather than less likely that Dasher was the owner of the cocaine found at his residence.

Dasher claims that these two alleged errors were prejudicial and entitle him to a new trial. We reject each argument and affirm.[1]

I.

Where the argument was preserved below, we review the district court's

---

[1] Following his conviction, Dasher was sentenced to 360 months' imprisonment and 96 months' supervised release. He does not raise any argument as to his sentence on appeal. Accordingly, any argument Dasher might have had in this respect is waived. See United States v. Silvestri, 409 F.3d 1311, 1338 n.18 (11th Cir. 2005).

rulings on admission of evidence for an abuse of discretion. United States v. Jiminez, 224 F.3d 1243, 1249 (11th Cir. 2000).

Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). We have also developed a three-part test to determine whether evidence is admissible under Rule 404(b): (1) the evidence must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act; and (3) the evidence must possess probative value that is not substantially outweighed by its undue prejudice and meet the other requirements of Rule 403. United States v. Matthews, 431 F.3d 1296, 1310-11 (11th Cir. 2005) (per curiam), petition for cert. filed, 74 U.S.L.W. 3619 (U.S. Apr. 24, 2006) (No. 05-1355).

As to the first prong, we have held that "a defendant who enters a not guilty plea makes intent a material issue, imposing a substantial burden on the government to prove intent; the government may meet this burden with qualifying [Rule] 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." United States v. Delgado, 56 F.3d 1357, 1365 (11th Cir. 1995). As to the third prong, we have held that evidence of prior drug dealings is highly probative of intent to distribute a controlled substance. United States v. Cardenas,

3

895 F.2d 1338, 1344 (11th Cir. 1990). Also, determining whether the probative value of evidence is substantially outweighed by its prejudicial impact "lies within the sound discretion of the district judge." United States v. Jernigan, 341 F.3d 1273, 1282 (11th Cir. 2003) (citation and internal quotations omitted).

In this case, the district court did not abuse its discretion by allowing Curry's testimony, even assuming that it was subject to the requirements of Rule 404(b). Specifically, under the first part of the Rule 404(b) analysis, the evidence was relevant to show Dasher's intent to distribute the drugs, as charged in Count 1 of the superceding indictment. See Delgado, 56 F.3d at 136. The second part of the test is not at issue because Dasher does not dispute that there was sufficient proof for the jury to find that he had been dealing drugs the entire time he had known Curry.

As to the third prong, Dasher failed to demonstrate that this testimony was "substantially prejudicial," particularly given that: (1) he alleges only that the combination of this evidence and the denial of his motion for a mistrial was prejudicial, and, as noted below, there as no abuse of discretion as to the denial of his motion for a mistrial; (2) we have ruled that evidence of prior drug dealings is highly probative of intent to distribute a controlled substance; and (3) we have stated that whether evidence is prejudicial in this respect "lies within the sound

4

discretion of the district judge." See Cardenas, 895 F.2d at 1344; see also Jernigan, 341 F.3d at 1282.

Based upon the foregoing, we find that the district court did not abuse its discretion in admitting the testimony by Curry.

II.

"The decision to grant a mistrial lies within the sound discretion of the trial judge since he is in the best position to evaluate the prejudicial effect of a statement or evidence on the jury," and we will reverse only for an abuse of discretion. United States v. Blakey, 960 F.2d 996, 1000 (11th Cir. 1992). We have stated that "[w]hen a curative instruction has been given to address some improper and prejudicial evidence, we will reverse only if the evidence is so highly prejudicial as to be incurable by the trial court's admonition." United States v. Harriston, 329 F.3d 779, 787 n.4 (11th Cir. 2003) (per curiam) (internal quotation marks and citations omitted).

Additionally, we will not reverse a conviction where alleged errors were harmless. United States v. Baker, 432 F.3d 1189, 1202 (11th Cir. 2005); see also Fed. R. Crim. P. 52(a) (errors that do not affect substantial rights must be disregarded). An error is harmless unless "there is a reasonable likelihood that [it] affected the defendant's substantial rights." United States v. Hawkins, 905 F.2d

5

1489, 1493 (11th Cir. 1990). Specifically, "[e]videntiary decisions do not constitute reversible error unless a substantial right of the party is affected, and errors that do not affect substantial rights must be disregarded." United States v. Frazier, 387 F.3d 1244, 1267 n.20 (11th Cir. 2004).

To obtain a conviction under 21 U.S.C. § 841(a)(1) and (b)(1)(B), the United States must demonstrate that the defendant knowingly possessed a controlled substance with intent to distribute it. See United States v. Wilson, 183 F.3d 1291, 1299 n.13 (11th Cir. 1999); 21 U.S.C. § 841(a)(1) and (b)(1)(B). To prove the offense of possession of a firearm as a convicted felon, the government must show that the defendant was a convicted felon, that he was in knowing possession of a firearm, and that the firearm was in or affecting interstate commerce. See United States v. Billue, 994 F.2d 1562, 1565 n.2 (11th Cir. 1993); 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

As an initial matter, the district court struck the question and partial response by Duralia that formed the basis for Dasher's motion for a mistrial, and instructed the jury to disregard it. In this respect, the stricken testimony was essentially that Duralia believed that Dasher's prior convictions for possession with intent to distribute cocaine increased the likelihood that he owned the cocaine at issue. This testimony does not appear to be "so highly prejudicial as to be incurable" by

6

the district court's curative instruction.  See Harriston, 329 F.3d at 787 n.4.  This is particularly true given that the government was then allowed to reframe the question, and, in that manner, elicited what was basically the same response from Duralia, of which Dasher does not complain on appeal.

Moreover, it cannot be said that the denial of Dasher's motion for a mistrial, even when considered along with the admission of the testimony by Curry (which, as set forth above, was not an abuse of discretion) influenced the jury's guilty verdict.  Specifically, even assuming arguendo that both of these evidentiary rulings were in error, there was still ample evidence to support the jury's guilty verdict as to both charges.

As to Count 1, a realtor, Sergio Pletosu, testified that Dasher rented a residence located at 1417 20th Street in Sarasota, Florida.  Curry testified that he then lived with Dasher at that location, and that the two sold crack cocaine from the residence.  Curry also testified that he and Dasher stored their crack cocaine in their respective bedrooms, and that he had placed locks on the doors to those rooms and given Dasher the key to Dasher's bedroom.

Police Detective Grodoski testified that a key found in Dasher's pocket fit the padlock on the door of the a bedroom in the residence where 35.8 grams of crack cocaine was found, along with items bearing Dasher's name and likeness.

Accordingly, there was ample evidence from which the jury could have determined that Dasher knowingly possessed crack cocaine with intent to distribute it. See Wilson, 183 F.3d at 1299 n.13; 21 U.S.C. § 841(a)(1) and (b)(1)(B).

As to count 2, Duralia testified that in September 2005, agents discovered in Dasher's possession a gun in a duffle bag, along with a wallet holding Dasher's Florida driver's license, Dasher's Florida identification card, and Dasher's social security card. Duralia also testified that Dasher admitted that the gun was his.[2]

The government presented copies of judgments evidencing prior felony offenses by Dasher, which he did not dispute. Finally, Warren Randall, a special agent with the Bureau of Alcohol, Tobacco, and Firearms ("ATF"), testified that the firearm found in Dasher's possession was manufactured in Spain. This evidence was more than sufficient for the jury to have found that Dasher was guilty of possession of a firearm by a convicted felon. See Billue, 994 F.2d at 1565 n.2; 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

We therefore find that the district court's denial of Dasher's motion for a mistrial was not an abuse of discretion.

**AFFIRMED.**

---

[2] Duralia testified that Dasher made this confession after being read a warning pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). Dasher does not dispute this point.